** Part II of Part II ** LOSS OF ACCREDITATION Concerning your second question, the first year during which the high school had an ADA of less than fifty-five (55) students would not, as previously stated, be considered to be part of the probationary accreditation period, as such period would commence with the school year immediately following the first year and continue to run for two consecutive years. Under Subsection 10 of Section 70 O.S. 3-104 [70-3-104], it is expressly provided that the failure of a high school to increase its ADA to at least fifty-five (55) during the probationary period shall result in a loss of its accreditation. It would, therefore, follow that under the facts set forth in your second question, either prior to or after the 1975 amendment to Subsection 10 of Section 3-104, relating to the first category of schools, a high school would lose its accreditation at the end of any two consecutive year probationary accreditation period if it failed to increase its ADA to at least fifty-five (55) during such two consecutive year probationary accreditation period. Your third question involves the second category of schools entitled to probationary accreditation under Subsection 10 of Section 70 O.S. 3-104 [70-3-104]. This second category of schools would appear to include high schools with at least an ADA of thirty-eight (38) and serving one hundred ten (110) square miles or more, and a high school falling into this category would be entitled to receive probationary accreditation. It should be pointed out, however, that the requirement that such school have an ADA of at least thirty-eight (38) and the length of any probationary accreditation period being one year, which were expressed by the 1972 amendment referred to previously, do not appear to control in view of the 1974 amendment which provided in part as follows: ". . . Any school district, otherwise qualified, shall be entitled to receive probationary accreditation from the State Board of Education for a period of two (2) consecutive years to obtain the minimum average daily attendance." This provision would appear to be sufficiently broad enough to include any school district, including one that has a high school fitting the description of the second category of schools, and therefore, appears to be in direct conflict with the language preceding it granting only a one-year period of probationary accreditation to high schools with an ADA of at least 38. For the reasons stated previously with regard to your first question, we would construe the language of the 1974 amendment quoted above as controlling over the language referring to the requirements of at least an ADA of thirty-eight (38) and referring to a one-year period of accreditation for those schools falling in the second category. Additionally, the 1974 amendment providing for a two-year probationary accreditation period to any school district is the latest legislative expression as to the length of the period. Concerning your fourth question, as stated above, a high school falling into the second category would be entitled to a two-year probationary period rather than a one-year probationary period and under the express language contained in Subsection 10 of Section 3-104, which is the same as that provided for with regard to the first category of schools, if such school failed to increase its ADA to fifty-five (55) students, as calculated under that provision, during any probationary period, it loses its accreditation. It would, therefore, follow that if a high school is located in a district that serves one hundred ten (110) square miles or more and its ADA is below the required ADA of fifty-five (55), such high school would be entitled to a two-year probationary accreditation period in which to increase its ADA to the required minimum, as calculated under the provision of Subsection 10 of Section 3-104, applicable to such school, and any such period of probationary accreditation would commence with the school year immediately following the year in which the ADA is determined to be below the minimum. Your fifth question, relates to the third category of schools under Subsection 10 of Section 3-104, those having to relocate an elementary school because of construction of a lake. Prior to the 1975 amendment to this statute, schools falling in this category were entitled to receive probationary accreditation for a period of five years. As pointed out previously, the 1975 amendment added to the five-year probationary accreditation period the following qualifying or amplifying language "after the effective date of this act". In applying the guidelines of statutory construction set forth previously herein, and the legislative declaration of construction of the School Code, contained in Section 1-103 of the Code, it would appear that this language added by the 1975 amendment should be construed to refer to that which immediately precedes it, which is the five-year period of probationary accreditation, and therefore, such period would commence with the 1975-76 school year. It would, therefore, follow that an elementary school required to relocate because of the construction of a lake would be entitled to a five year period of probationary accreditation commencing with the 1975-76 school year and running through the 1979-80 school year. Concerning your sixth question, Subsection 10 of Section 3-104 provides as follows: ". . . Any school district, otherwise qualified, shall be entitled to receive probationary accreditation from the State Board of Education for a period of two (2) consecutive years to obtain the minimum average daily attendance." The foregoing provision refers to "any school district" being entitled to probationary accreditation, but all of the preceding language of subsection 10 of Section 3-104 refers to a "school" of a school district being entitled to probationary accreditation. An examination of the ADA requirements of this statute and the regulations of the State Department of Education clearly shows that they are applicable to individual schools of the various school districts and do not apply district wide to the various school districts. Concerning an elementary school, the pertinent portions of Regulations a and c, Part II, Size and Isolation, of the Elementary School Regulations adopted by the State Department of Education Code read as follows: "a. No elementary school shall be accredited unless the average daily attendance of legal students the previous school year was 30 or more for grades one through six, or 40 or more for grades one through eight. "c. An elementary school may qualify for isolation for purposes of accrediting if it had an average daily attendance of 20 the previous year and is 16 miles from a school offering an approved program provided the school employs a minimum of 2 full-time teachers. . . ." Under the expressed language of that portion of subsection 10 of Section 70 O.S. 3-104 [70-3-104] cited above, the purpose of the probationary accreditation quoted therein, is to attain the required minimum average daily attendance. From this it is evident that such provision would apply to a high school which has fallen below the minimum average daily attendance required by statute, or an elementary school which has fallen below the minimum average daily attendance required in the above-cited Regulations of the State Department. It would, therefore, follow that an elementary school would be entitled to a two-year probationary period to commence with the school year immediately following any school year during which the average daily attendance of such school falls below the minimum average daily attendance required by the above-cited Regulations of the State Department of Education for the purpose of attaining such minimum average daily attendance during the probationary period. Concerning your seventh question, if an elementary school fell below the minimum ADA required by the Regulations of the State Department in the 1973-74 school year such elementary school would be entitled to probationary accreditation during the 1974-75 school year and the 197576 school year. If, however, an elementary school fell below the required minimum average daily attendance during the 1974-75 school year, such elementary school would be entitled to probationary accreditation during the 1975-76 school year and the 1976-77 school year. Thus, if the elementary school increased its ADA during the two consecutive year probationary accreditation period to the required minimum ADA it could continue to operate the following school year and all succeeding school years thereafter so long as it either maintained the required minimum average daily attendance during such years, or in the event it fell below, increased its ADA during any two consecutive year probationary period to the required minimum average daily attendance. It would, therefore, follow that if an elementary school falls below the minimum average daily attendance required by the Regulations of the State Department of Education during the 1973-74 school year, and received probationary accreditation for the 1974-75 school year and the 1975-76 school year, such school could continue to operate during the 1976-77 school year if it had increased its ADA to the required minimum ADA during the probationary accreditation period, the 1974-75 school year and the 1975-76 school year. It would further follow that if an elementary school fell below the required minimum average daily attendance during the 1974-75 school year, such school would be entitled to probationary accreditation during the 1975-76 school year and the 197677 school year, and its continued operation after the 1976-77 school year would depend upon whether or not it had increased its ADA during the two consecutive year probationary period, the 1975-76 school year and the 1976-77 school year. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. A high school located in a school district that serves less than one hundred ten (110) square miles and has an average daily attendance of less than fifty-five (55) students during the 1974-75 school year and an average daily attendance of more than fifty-five (55) during the 1975-76 school year would not be considered as having two, two-year probationary periods, but rather under Subsection 10 of 70 O.S. 1971 3104 [70-3104], as last amended by Section 1, Chapter 344 O.S.L. 1975, is entitled to probationary accreditation for two consecutive years immediately following any school year during which its average daily attendance is less than fifty-five (55) students. 2. A high school of the same category as in number 1, which has an average daily attendance of less than fifty-five (55) during a particular school year, would be entitled to probationary accreditation for two consecutive school years immediately following any year in which its average daily attendance fell below fifty-five (55); and under Subsection 10 of 70 O.S. 3-104 [70-3-104] (1971), as last amended by Section 1, Chapter 344 O.S.L. 1975, after any such two-year period of probationary accreditation, such school could not continue to operate if it had not increased its average daily attendance to at least fifty-five (55) during the two consecutive year probationary accreditation period. 3. Under Subsection 10 of 70 O.S. 3-104 [70-3-104] (1971), as last amended by Section 1, Chapter 344 O.S.L. 1975, a high school located in a district that serves one hundred ten (110) square miles or more and has an average daily attendance of less than fifty-five (55) students during a particular school year, would be entitled to probationary accreditation for a period of two consecutive school years immediately following any school year in which its average daily attendance fell below fifty-five (55); and after any such two-year period of probationary accreditation such school would be entitled to accreditation if during the probationary period it increased its average daily attendance to the required number of fifty-five (55), as calculated under that provision of Subsection 10 of Section 3-104 applicable to such school. 4. Under Subsection 10 of 70 O.S. 3-104 [70-3-104] (1971), as last amended by Section 1, Chapter 340 O.S.L. 1975, a school of the same category as mentioned in number 3 would be entitled to probationary accreditation for two consecutive years and would be eligible to operate following those years if during the two consecutive years of probationary accreditation such school increased its average daily attendance to the required number of fifty-five (55), as calculated under the provision of the statute applicable to such school. 5. Under the foregoing statute, an elementary school which is required to relocate its facilities because of the construction of a lake is entitled to probationary accreditation for a period of five consecutive years commencing with the 1975-76 school year and running through the 1979-80 school year, regardless of the previous years of probationary accreditation granted to such school. 6. Under the statutory provision cited above, an elementary school whose minimum average daily attendance falls below that required by the Regulations of the State Department of Education during a school year would be entitled to a two consecutive year probationary accreditation period commencing with the school year immediately following any school year during which the school's average daily attendance fell below the required minimum for the purpose of attaining such minimum average daily attendance during the probationary period. 7. Under the statutory provision cited above, an elementary school having an average daily attendance of less than that required by the Regulations of the State Department of Education during the 1973-74 school year would be entitled to probationary accreditation during the 1974-75 school year and the 1975-76 school year and could continue to operate during the 1976-77 school year if such school had increased its average daily attendance to that required by the Regulations during the two-year probationary accreditation period. (Gerald E. Weis)